UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALYSSE DEE MINKOFF,

Plaintiff,

- against -

FRONTIERAS NORTH AMERICA, INC., ET AL.,

Defendants.

26-cv-3628 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

On May 1, 2026, the pro se plaintiff, Alysse Dee Minkoff, filed a complaint in this action, and moved for a temporary restraining order against the following defendants: "Frontieras North America, Inc.; Mathew Mckean; John Venners; Joseph Witherspoon, Stephen Boatwright, Ted Venners, Frontier Applied Sciences, Pioneer Applied Sciences, KVLLC, Koppeman Trusts/Legacy IP, Frontera Energy Corp.; Hillari Lynn Koppelman; Geraldine Wyle, Brian Koppelman, Debbi Minkoff Miller, Long and Foster, Anne Flayer, Jane Fairweather Team DC/ Maryland; BNG Accountancy; Cozen O'Connor, Robert Friedman, and Paul Ferland." ECF No. 1. Ms. Minkoff filed an amended complaint (the "First Amended Complaint") on July 17, 2026, ECF No. 13, and again moved for a temporary restraining order, ECF Nos. 14–16. On the same day, Ms. Minkoff moved for leave to file a second amended complaint, although it appears that Ms. Minkoff is seeking leave to file the amended complaint she had already filed the same day. ECF No. 18.

Ms. Minkoff's applications for a temporary restraining order, ECF Nos. 1, 14–16, are denied. Before granting any relief, the Court must assure itself of its own subject-matter jurisdiction, and it may not enter an injunction in an action over which it lacks jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); Fed. R. Civ. P. 12(h)(3). Ms. Minkoff bears the burden of establishing that jurisdiction exists. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The First Amended Complaint does not allege any basis for the Court's jurisdiction. It identifies no federal statute or constitutional provision under which Ms. Minkoff's claims arise, see 28 U.S.C. § 1331, and it does not allege the citizenship of the parties or that the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a).

In any event, the applications are procedurally defective. No defendant has been served with the summons and the First Amended Complaint, and the Court may not enter a preliminary injunction without notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A temporary restraining order may issue without notice only if the moving party sets out specific facts in an affidavit or verified complaint showing that immediate and irreparable injury will result before the adverse party can be heard in opposition and certifies in writing the efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). Ms. Minkoff has made neither showing. The applications are therefore **denied without prejudice** to renewal after Ms. Minkoff has adequately alleged the Court's subject-matter jurisdiction and has served or given notice to the defendants against whom relief is sought.

Ms. Minkoff's motion for leave to file her amended complaint, which the Court construes as an application to file the First Amended Complaint, ECF No. 18, is **granted**, because the time to file an amended complaint has not yet passed. See Fed. R. Civ. P. 15(a)(1).

Ms. Minkoff is also directed to show cause in writing, by **August 24, 2026**, why the First Amended Complaint should not be dismissed for lack of subject-matter jurisdiction. Failure to respond by that date may result in dismissal of this action without prejudice.

Ms. Minkoff's time to serve the summons and the First Amended Complaint under Rule 4(m) of the Federal Rules of Civil Procedure is extended to **September 21, 2026**, without prejudice to any further extension following resolution of the jurisdictional question raised in this Order.

Finally, Ms. Minkoff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. The clinic is run by a private organization; it is not part of, or run by, the Court. An informational flyer regarding the clinic is attached to this Order.

The Clerk is respectfully directed to close all open motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**August 4, 2026**

[signature]
**John G. Koeltl**
**United States District Judge**

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794**, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)